NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3170
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER ALAN BROWN,
                              Appellant
_____

On Appeal from the District Court of the Virgin Islands
Division of St. Croix
D.C. Criminal No. 10-cr-00014-001
(Honorable Anne E. Thompson and Honorable Raymond L. Finch)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2011

Before:  SCIRICA, RENDELL and AMBRO, *Circuit Judges*.

(Filed:  June 9, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Christopher Brown was indicted by a grand jury in the U.S. Virgin Islands of one

count of aggravated identity theft during and in relation to the offense of bank fraud.

After a bench trial, Brown was convicted and sentenced to two years' imprisonment and

four years' supervised release. On appeal, Brown argues the counterfeit identification he used was insufficient to support his conviction. We will affirm.

I.

In January 2008, police arrested Brown and his girlfriend, Heather Golden, in Houston, Texas after they presented a counterfeit check to purchase jewelry. Brown and Golden had schemed to defraud multiple jewelry stores by buying jewelry using fraudulent checks. After release on bail, Brown and Golden fled to the mobile home of Golden's stepfather, Scott Nevins, in Austin, Texas. In Austin, Brown and Golden met Jason Brooks, who was renting a trailer owned by Robert Storey, Golden's family friend and a resident of St. Croix. Storey's trailer is located on Nevins's property. After spending one night in Nevins's home, Brown took without permission Brooks's expired Texas driver's license from the glove compartment of Brooks's unlocked truck.

Brown and Golden subsequently fled to St. Croix. Before leaving Texas, they purchased a counterfeit Arkansas identification card. The false card displayed the name "Jason Brooks" and Brooks's birth date as obtained from his driver's license, along with a fabricated address and Brown's photograph. In St. Croix, Brown and Golden resumed their scheme. They used a check-making software program to print checks in the name of "Jason Brooks" that displayed account and routing numbers taken without permission from the payroll checks of the business "Cheeseburgers in Paradise." Brown and Golden used these checks to buy goods at stores in both St. Croix and St. Thomas, including $10,170 worth of jewelry from H. Stern Jewelry Store (H. Stern) in St. Thomas. For the

2

H. Stern purchase, Brown identified himself using the counterfeit Arkansas identification card. On April 17, 2008, Brown attempted to use a fraudulent check to buy jewelry from the store Cruzan Gold in St. Croix. The vendor alerted police, who arrested Brown.

Brown and Golden were charged under 18 U.S.C. § 1344 with conspiracy to commit bank fraud in connection with their scheme to defraud H. Stern. Brown was also charged with aggravated identity theft under 18 U.S.C. § 1028(A) for assuming the identity of another individual during the transaction. Brown and Golden initially pleaded guilty, but Brown withdrew his plea.

In February 2010, Brown was charged with forty-five counts of various offenses. These charges included possession of contraband while incarcerated, conspiracy to possess counterfeit securities, and substantive bank fraud, as well as the aforementioned conspiracy to commit bank fraud and aggravated identity theft. Brown pleaded guilty to all except aggravated identity theft.

On March 30, 2010, a federal grand jury indicted Brown of one count of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. Following a bench trial on April 6, 2010, the District Court convicted Brown. On July 15, 2010, the court sentenced Brown to two years' imprisonment and four years' supervised release to run consecutively. Brown timely appealed.[1]

II.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

On appeal, Brown contends the government produced insufficient evidence to sustain his conviction for aggravated identity theft.[2] He claims the counterfeit identification he used was insufficient to identify a specific person. We disagree.

To prove aggravated identity theft, the government had to show beyond a reasonable doubt that Brown "knowingly transfer[red], possesse[d], or use[d], without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1).[3] A "means of identification" consists of:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any-
>
>> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
>>
>> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>>
>> (C) unique electronic identification number, address, or routing code; or

---

[2] Upon a challenge to the sufficiency of evidence, "we review the evidence in the light most favorable to the government." *United States v. Applewhaite*, 195 F.3d 679, 684 (3d Cir. 1999). We will affirm "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation marks omitted).

[3] The aggravated identity theft statute provides: "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1). Section 1028A(c)(5) defines "felony violation enumerated in subsection (c)" to include "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)" among qualifying felony violations. Brown pleaded guilty to bank fraud under 18 U.S.C. § 1344.

> (D) telecommunication identifying information or access device (as defined in section 1029(e))[.]

18 U.S.C. § 1028(d)(7).

Brown argues *United States v. Mitchell*, 518 F.3d 230 (4th Cir. 2008), supports reversal of his conviction. In *Mitchell*, the defendant selected a corresponding first and last name, city and state of residence, and year of birth from a phone book to create a false license. The counterfeit license contained no middle name and a fabricated house number, street name, month and day of birth. The court found these "non-unique identifiers . . . were a hopeless muddle of matching and non-matching information," and "the non-matching identifiers . . . were much more specific." *Id.* at 236. Furthermore, the defendant appropriated no "unique identifier" that might identify an individual alone, such as a social security or identification number. *Id.*

Brown contends his counterfeit Arkansas identification card did not display Brooks's middle name, Brooks's Texas address, or Brooks's individual identification number, all of which appear on Brooks's Texas driver's license. Brown argues these distinctions and omissions render the fraudulent Arkansas identification card incapable of constituting a "means of identification" of the Jason Brooks from whom Brown stole a Texas license.

When viewed in the light most favorable to the government, there was sufficient evidence for the District Court to conclude Brown knowingly used Brooks's "means of identification" and to convict Brown of aggravated identity theft. Brooks was an individual known to Brown whose driver's license Brown stole. From the first and last

name, as well as the day, month, and year of birth on that license, Brown fashioned a counterfeit identification card he used to commit bank fraud. This information is more complete and specific to Brooks than the information found insufficient by the Fourth Circuit in *Mitchell*. Section 1028(d)(7) requires Brown to knowingly use information that constitutes a "means of identification" of a specific individual to support a conviction for aggravated identity theft. The District Court reasonably concluded the matching names and birth date on Brooks's genuine Texas driver's license and Brown's counterfeit Arkansas identification card did just that.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.