**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4321**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCO HUERTA-LOYA,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda Wright Allen, District Judge. (4:11-cr-00070-AWA-TEM-1)

Submitted: October 24, 2012      Decided: November 6, 2012

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Fernando Groene, FERNANDO GROENE, PC, Williamsburg, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Andrew L. Creighton, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After pleading guilty to falsely claiming to be a United States citizen, in violation of 18 U.S.C. § 911 (2006), Marco Huerta-Loya was convicted following a jury trial of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c) (2006), and sentenced to twenty-four months and one day in prison. On appeal, Huerta-Loya challenges the sufficiency of the evidence supporting his aggravated identity theft conviction. For the following reasons, we affirm.

A defendant challenging the sufficiency of the evidence "bears a heavy burden," as reversal of a conviction is limited to "cases where the prosecution's failure is clear." United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007). Generally, we will "sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008) (internal quotation marks omitted). Further, we will "not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government." Foster, 507 F.3d at 244-45.

To establish a violation of 18 U.S.C. § 1028A(a)(1), the Government must prove a defendant (1) unlawfully and knowingly transferred, possessed, or used, (2) another person's

2

means of identification, (3) during and in relation to a qualifying predicate felony offense, in this case, Huerta-Loya's false claim of United States citizenship. United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir. 2010). "For purposes of 18 U.S.C. § 1028A(a)(1), a means of identification is . . . any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." Id. at 607 n.3 (internal quotation marks omitted); see also United States v. Mitchell, 518 F.3d 230, 233-34 (4th Cir. 2008) (explaining differences between unique and non-unique identifiers).

A conviction for aggravated identity theft requires proof that the defendant knew that the means of identification at issue actually belonged to a real person. Flores-Figueroa v. United States, 556 U.S. 646, 657 (2009). Huerta-Loya argues that the evidence at trial failed to prove that he possessed such knowledge because nothing indicated that he had the opportunity or means to learn that the documents he possessed, an authentic Social Security card and Texas birth certificate, belonged to a real person. We disagree.

The Government's agent testified that Huerta-Loya spoke and understood English well and, in response to the agent's questioning, repeatedly indicated that he knew the documents he possessed belonged to a real person. Although

3

Huerta-Loya suggests that neither he nor the agent correctly understood one another due to a language barrier, we must assume that the jury resolved any evidentiary contradictions in the Government's favor. Foster, 507 F.3d at 244-45.

Moreover, evidence regarding the way in which Huerta-Loya obtained and used the documents in question suggested that he knew they were genuine. For example, Huerta-Loya paid substantially more for the birth certificate and the Social Security card, which the seller represented to be "very good papers," than he did for a Texas photo-identification card he knew to be fraudulent. Such information supports a reasonable inference that Huerta-Loya was aware that the more expensive documents were genuine. United States v. Gomez-Castro, 605 F.3d 1245, 1249 (11th Cir. 2010). The fact that Huerta-Loya paid the going rate for such genuine documents in the area where he purchased them strengthens such an inference. Likewise, the documents in question, which were printed in a distinctive manner that is very difficult and expensive to reproduce, appeared authentic even to the untrained eye, further supporting the conclusion that Huerta-Loya knew they were real. United States v. Miranda-Lopez, 532 F.3d 1034, 1040 (9th Cir. 2008).

Additionally, Huerta-Loya admitted that he had successfully used the Social Security card to obtain employment, again suggesting his knowledge that it was genuine. United

4

States v. Holmes, 595 F.3d 1255, 1258 (11th Cir. 2010); Gomez-Castro, 605 F.3d at 1249. Construing as we must the relevant contradictory testimony in favor of the Government, the fact that Huerta-Loya falsely claimed United States citizenship even after the Government's agent had seized the Social Security card and the birth certificate also supports a reasonable finding that he was confident in the documents' authenticity. Cf. United States v. Clark, 668 F.3d 568, 574 (8th Cir. 2012) (suspect's response to investigation relevant to show knowledge). Accordingly, we conclude that the evidence was sufficient to prove that Huerta-Loya knew the means of identification he possessed belonged to a real person.

Huerta-Loya also contends that the evidence failed to establish that he possessed the documents in question "in relation to" his false claim of United States citizenship. In United States v. Mobley, 618 F.3d 539 (6th Cir. 2010), the Sixth Circuit relied upon Smith v. United States, 508 U.S. 223 (1993), to read the "in relation to" language of 18 U.S.C. § 1028A(a)(1) broadly, finding that it only required proof that the "means of identification" facilitated or had the potential to facilitate the predicate felony offense. Mobley, 618 F.3d at 548-50. Considering the use of analogous statutory language in 18 U.S.C. § 924(c)(1) (2006), we have interpreted "in relation to" in an equally broad fashion, finding specifically that a firearm is

5

carried in relation to a drug trafficking offense if it has the effect of protecting or emboldening the defendant in the commission of his crime.  United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000).  Our review of the record leads us to conclude that the evidence established the "in relation to" element.

First, viewing the evidence in the light most favorable to the Government, the documents had already been recovered by the Government's agent at the time Huerta-Loya made his false claim of citizenship, thus permitting the conclusion that they emboldened Huerta-Loya's violation of 18 U.S.C. § 911 by serving as an immediate means of corroborating his deceptive statements.  Further, the evidence established that Huerta-Loya, who was at work aboard a fishing vessel when initially detained, kept the birth certificate and the Social Security card close at hand and readily available.  On these facts, we conclude that a reasonable juror could have found that Huerta-Loya did so because the documents would be helpful should he find himself in the exact predicament he in fact faced, the necessity that he quickly dispel suspicions regarding his citizenship during unexpected investigations by immigration officials.  Cf. United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997) (firearm is not carried "in relation to" a drug crime when its presence is the product of accident or coincidence).

6

Accordingly, we affirm the district court's judgment. The written judgment, however, erroneously reflects that Huerta-Loya was found guilty by a jury of both Counts one and two. We remand to the district court for correction of the judgment, pursuant to Fed. R. Crim. P. 36, to reflect that Huerta-Loya pled guilty to Count one and was found guilty by a jury on Count two. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED