# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3787

_____

United States of America

*Plaintiff - Appellee*

v.

Eduardo Rodriguez-Ayala

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: October 10, 2014
Filed: December 5, 2014

_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Eduardo Rodriguez-Ayala was convicted by a jury on one count of unlawful possession of identity documents, one count of making a false statement in a passport application, two counts of making a false claim to U.S. citizenship, and two counts of aggravated identity theft. He appeals from the judgment entered by the district

court,[1] arguing that the evidence was insufficient to support his convictions for making a false claim to U.S. citizenship, in violation of 18 U.S.C. § 911, and for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). We affirm.

Rodriguez-Ayala is a citizen of Mexico. He applied for an Iowa identification card using the name Ramon Rodriguez and presented the following identifying documents: a Missouri identification card, a social security card, a falsified U.S. birth certificate, and an employee identification card. Although the original Iowa application did not require him to disclose his citizenship, the completed record of application that he signed indicated that he was a U.S. citizen. Rodriguez-Ayala was issued an Iowa identification card bearing the name Ramon Rodriguez. He used that card and the same falsified U.S. birth certificate to apply for a U.S. passport. The passport application that he signed stated that he was a "citizen or non-citizen national of the United States."

Rodriguez-Ayala's brother is named Ramon Rodriguez. Ramon[2] was born in Mexico and is a Mexican citizen. The falsified U.S. birth certificate used by Rodriguez-Ayala listed Ramon's date of birth and named the men's parents, but it listed a birthplace located in the United States. In the applications for the identification card and passport, Rodriguez-Ayala used a social security number and an address that did not belong to Ramon. Moreover, Ramon did not work for the company shown on the employee identification card that Rodriguez-Ayala presented to obtain the Iowa identification card.

Rodriguez-Ayala appeals the convictions for making a false claim to U.S. citizenship and for aggravated identity theft, arguing that the evidence was

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]For the sake of clarity, we refer to Ramon Rodriguez by his first name.

insufficient to support the convictions. We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict. United States v. Aldridge, 664 F.3d 705, 715 (8th Cir. 2011).

It is a crime under 18 U.S.C. § 911 to falsely and willfully represent oneself to be a citizen of the United States. Rodriguez-Ayala argues that the government failed to prove that he made a false claim of U.S. citizenship and that any such claim was willful. He relies on United States v. Karaouni, 379 F.3d 1139, 1142-43 (9th Cir. 2004), which held that merely checking a box claiming to be a U.S. citizen or national did not violate § 911 because the statute "covers only false claims of U.S. citizenship and not false claims of U.S. nationality." Id. at 1142-43. Karaouni is distinguishable, however, because in addition to claiming to be a U.S. "citizen or non-citizen national," Rodriguez-Ayala also provided a falsified U.S. birth certificate in support of his passport application. Thus, the evidence was sufficient to allow a reasonable jury to convict him on the count of making a false claim to U.S. citizenship that related to the passport application. See United States v. Rodriguez Serrate, 534 F.2d 7, 11 (1st Cir. 1976) (holding that presenting a fraudulent U.S. birth certificate to a customs officer seeking to determine the nationality of arriving passengers constituted a violation of § 911).

Rodriguez-Ayala also argues that the government failed to prove that he willfully made a false claim of U.S. citizenship in his application for an Iowa identification card. He contends that he did not make a false claim to U.S. citizenship because the original Iowa application did not require him to state his citizenship. But the completed record of application stated that he was a U.S. citizen, and he signed the record of application, attesting that all of the facts in it were true. Rodriguez-Ayala also contends that he did not intend to falsely claim U.S. citizenship, arguing that because he speaks only Spanish, he did not understand that the record of application included an attestation to U.S. citizenship. The evidence was sufficient, however, to show that Rodriguez-Ayala submitted with his Iowa application a

-3-

falsified U.S. birth certificate and a U.S. social security card as proof of his identity. Even assuming Rodriguez-Ayala did not understand the form, his submission of documents purporting to show that he was a U.S. citizen was sufficient to support the conviction.

It is a crime under 18 U.S.C. § 1028A(a)(1) to use "a means of identification of another person" in relation to making a false claim of U.S. citizenship. "Means of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." 18 U.S.C. § 1028(d)(7). Rodriguez-Ayala contends that the information he provided to obtain the identification card and passport did not constitute "a means of identification of another person," as defined by the statute. We disagree.

Rodriguez-Ayala's use of his brother's name, date of birth, and the names of their parents to obtain the identification card and passport was sufficient to establish that he used the means of identification of a specific individual, even though he also used a false address, birthplace, social security number, and place of employment. Compare United States v. Brown, 430 F. App'x 198, 200 (3d Cir. 2011) (holding that the use of a real person's first and last names and date of birth was sufficient to constitute the "means of identification of another person," even though the address and driver's license number were different from the real person's and the real person's middle name was not used), with United States v. Mitchell, 518 F.3d 230, 235-236 (4th Cir. 2008) (holding that the use of a real person's first and last names, year of birth, and city of residence was not sufficient to constitute a "means of identification of another person" when the real person's address, date of birth, and middle name were not used). Despite Rodriguez-Ayala's argument to the contrary, the government was not required to prove lack of victim's consent to prove aggravated identity theft. United States v. Retana, 641 F.3d 272, 274-75 (8th Cir. 2011). Finally, to the extent Rodriguez-Ayala argues that the government failed to prove that he used "a means of identification of another person" knowingly, we hold

-4-

that a jury could reasonably find that Rodriguez-Ayala knew that a specific person, *i.e.*, his brother, existed with the name, date of birth, and parents' names he used.

We affirm.

_____