# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2302
_____

United States of America

*Plaintiff - Appellee*

v.

Oluwaseyi Ademola Sadipe

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: March 7, 2016
Filed: March 11, 2016
[Unpublished]
_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.
_____

PER CURIAM.

After a jury found Oluwaseyi Sadipe guilty of misuse of a social security number, aggravated identity theft, and falsely claiming United States citizenship, the district court[1] sentenced him to a total of 25 months in prison and 3 years of

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

supervised release, and imposed restitution of $2,276.35. On appeal, Sadipe's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, and Sadipe has filed a pro se supplemental brief.

Following careful review of the record, see United States v. West, 596 F.3d 906, 910 (8th Cir. 2010), we find the evidence--Sadipe's repeated representations, and repeated use of his infant son's social security number, on documents that Sadipe completed to open and use a checking account in his name--was sufficient to support his convictions for misuse of a social security number and for identity theft. See 42 U.S.C. § 408(a)(7)(B); 18 U.S.C. § 1028A(a)(1), (c)(11); United States v. Hines, 472 F.3d 1038, 1039-40 (8th Cir. 2007) (per curiam) (aggravated identity theft); United States v. McKnight, 17 F.3d 1139, 1143 (8th Cir. 1994) (misuse of social security number). We also find there was sufficient evidence to support the convictions for falsely claiming United States citizenship based on the information that Sadipe completed on employment forms. See United States v. Rodriguez-Ayala, 773 F.3d 65, 67 (8th Cir. 2014) (affirming 18 U.S.C. § 911 conviction based on evidence that defendant signed application stating he was United States citizen and attesting that all facts in it were true), cert. denied, 136 S. Ct. 85 (2015).

We decline to consider Sadipe's unspecific and unpreserved pro se arguments challenging pretrial matters and voir dire, and the record is not adequately developed to address his broad and undeveloped claim of ineffective assistance. See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005) (absent exceptional circumstances, claims of ineffective assistance are better raised in 28 U.S.C. § 2255 proceedings). Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____