[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12937
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20672-KMW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMELYS GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 21, 2016)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Emelys Gonzalez appeals her conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). After careful review, we affirm.

I.

A grand jury indicted Gonzalez on five counts, charging her with: (1) one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349; (2) three counts of bank fraud in violation of 18 U.S.C. § 1344; and (3) one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Because Gonzalez challenges only her conviction for aggravated identity theft on appeal, we summarize only the evidence relevant to that count.

On December 8, 2015, the government produced Amy Headley as a witness at Gonzalez's trial. Headley testified that she was previously known as "Amy Elannan" because of an earlier marriage, but had used the name "Headley" since 1998. She also said she lived in Hialeah, Florida twenty years earlier. The government then asked Headley to examine a check that was dated May 4, 2014. Headley testified that her former name and Hialeah address were printed on the top-left corner of the check. Although the name on the signature line of the check read "Amy M. Elannan," Headley stated that it was not her signature, and that she had not "used that signature in years." She observed that the check was made out to an "Evelyn Gonzalez" for $4,000, but said she did not know anyone who went by that name or by "Emelys Gonzalez." Headley also testified that she did not

2

know the defendant and never authorized the defendant or anyone else to use her name and signature for this particular check. Victoria Spivey, an investigator for Bank of America, also testified for the government. She stated there was a $4,000 deposit to Gonzalez's Bank of America account on May 4, 2014 via an automated teller machine in North Hialeah.

After the government finished presenting its evidence, Gonzalez moved for a judgment of acquittal on all counts pursuant to Federal Rule of Criminal Procedure 29. With regard to the aggravated identity theft count, she argued there was not enough evidence to establish that "Amy M. Elannan" was a name that belonged to a specific person. She also asserted acquittal was appropriate under United States v. Mitchell, 518 F.3d 230 (4th Cir. 2008). The district court denied Gonzalez's Rule 29 motion as to the aggravated identity theft count, noting Headley's testimony that she previously lived at the address listed on the check and went by the name "Amy Elannan." The jury later found Gonzalez guilty on all five counts. The district court sentenced her to a total of 25-months imprisonment.

## II.

On appeal, Gonzalez argues the district court erred when it denied her motion for judgment of acquittal because the government failed to prove the name she used to commit her offense ("Amy Elannan") belonged to a specific person. Put another way, Gonzalez asserts the government presented identifying

information that was too general to identify a specific person.  "We review de novo the denial of a defendant's properly-preserved motion for judgment of acquittal." United States v. Holmes, 814 F.3d 1246, 1250 (11th Cir. 2016).  Such a denial will be upheld if, viewing all facts and inferences in the light most favorable to the government, "a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt."  Id. (quotation omitted).

To sustain a conviction for aggravated identity theft under 18 U.S.C. § 1028A(a)(1), the government "must establish that the defendant (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in relation to a felony enumerated in § 1028A(c)," which includes bank fraud.  United States v. Barrington, 648 F.3d 1178, 1192 (11th Cir. 2011) (quotation omitted); 18 U.S.C. § 1028A(c)(5).  The statute defines a "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual."  18 U.S.C. § 1028(d)(7) (emphasis added).

Gonzalez argues the government failed to meet its burden because the name and signature of "Amy Elannan" are not sufficiently unique to identify a specific person under Mitchell.  Mitchell is a Fourth Circuit case holding that under § 1028A, "a bare name . . . is not likely to be sufficiently unique . . . to identify a specific person."  518 F.3d at 235.  It also concluded that a false driver's license

4

with a first and last name ("Marcus Jackson"), city of residence, and birth year that all matched a specific person was not sufficient to tie the false license to that person.  Id. at 235–36.  Even if Mitchell was binding precedent in this Circuit, it would not help Gonzalez here.  The government's evidence showed Gonzalez used not only Headley's former name and signature, but also Headley's previous address, to commit bank fraud.  At trial, Headley said she was previously known as "Amy Elannan" and used to live at the address listed on the check.  She also testified that the "Amy M. Elannan" signature on the check was not hers, and that she never gave anyone permission to use her name and signature for the check.  Viewing these facts in the light most favorable to the government, a reasonable jury could conclude that Gonzalez used the "means of identification" of a specific person—Amy Headley—to commit bank fraud.  In other words, a check with a first name, last name, and address that all match a specific person's previous identification information contains sufficiently unique identifiers to tie the check to that person.

Gonzalez also argues the government failed to prove the name "Amy Elannan" belonged to a specific person because Headley stopped using the name "Elannan" more than sixteen years before the issuance of the check and eight years before the account associated with the check was opened in 2006.  She also notes that Headley had not lived at the Hialeah address listed on the check for over

5

twenty years and was not living there when the account was opened.  However, nothing in the relevant statute requires the "means of identification" to be contemporary or up-to-date.  <u>See</u> 18 U.S.C. § 1028(d)(7).  The identifying information need only be sufficiently unique "to identify a specific individual."  <u>Id.</u> In this case, Headley's former name and address taken together are sufficiently unique for a reasonable jury to conclude Gonzalez committed bank fraud using identifying information that belonged to a specific person.

**AFFIRMED.**