**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4847**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEREK JAMES JOHNSON, a/k/a Furman Daniels,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:16-cr-00280-TMC-1)

Submitted:  September 21, 2017                    Decided:  January 5, 2018

Before TRAXLER and AGEE, Circuit Judges, and Loretta C. BIGGS, United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, Columbia, South Carolina, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Johnson pleaded guilty to a single count of theft of United States' property with a value exceeding $1,000, *see* 18 U.S.C. § 641, and was sentenced to 27 months' imprisonment. Johnson appeals, challenging the sentence imposed by the district court. Finding no reversible error, we affirm.

I.

Johnson used the name of Furman Daniels, who is a real person, and Daniels' correct birthdate to obtain a North Carolina identification card bearing Johnson's picture but Daniels' name and birthdate. He then bought checking account numbers (which turned out to be fake) and used those numbers to create checks in the name of Furman Daniels. Johnson used the Daniels identification card and checks to buy stamps, which he then sold for cash. Johnson ran this scam for several months, writing 176 checks at post offices in four states and showing the identification card 144 times.

At sentencing, the district court applied a 2-level enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) (2015). The question on appeal is whether this enhancement was properly applied.

II.

As is relevant to this case, the Guidelines call for a two-level enhancement in theft offenses if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or . . . the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification." U.S.S.G. § 2B1.1(b)(11)(C).

2

The Guidelines commentary refers to 18 U.S.C. § 1028(d)(7) for the definition of "means of identification." *See* U.S.S.G. § 2B1.1, comment. n.1. Under § 1028(d)(7), a "means of identification" is:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any--
>
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
>
> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>
> (C) unique electronic identification number, address, or routing code; or
>
> (D) telecommunication identifying information or access device (as defined in section 1029(e));

18 U.S.C. § 1028(d)(7). As this court has explained,

> an identifier, taken alone or together with other information, . . . qualif[ies] as a means of identification *so long as the sum total of information identifies a specific individual.* Many of the identifiers listed as examples in the definition, such as a social security number, an alien registration number, or a fingerprint, are unique and therefore sufficient alone to identify a specific individual. The definition, however, also lists non-unique identifiers that are not sufficient to identify a specific individual. A name alone, for example, would likely not be sufficiently unique to identify a specific individual because many persons have the same name. Likewise, a date of birth by itself would not be sufficient because multitudes of persons are born on the same day. When, however, a non-unique identifier is coupled with other information to identify a specific individual, "a means of identification of another person" is created.

*United States v. Mitchell*, 518 F.3d 230, 234 (4th Cir. 2008) (emphasis added).

The Guidelines make it clear that the means of identification must "be of an actual (*i.e.*, not fictitious) individual, other than the defendant."  U.S.S.G. § 2B1.1, comment. n.1. Thus, an enhancement is proper under U.S.S.G. § 2B1.1(b)(11) if the defendant (1) uses any means of identification of a real person (2) in order to produce or obtain any *other* means of identification of a real person.  The Guidelines' commentary gives examples of how to properly apply the enhancement:

> (ii)  Examples.--Examples  of  conduct  to  which  subsection (b)(11)(C)(i) applies are as follows:
>
> (I) A defendant obtains an individual's name and social security number from a source (*e.g.*, from a piece of mail taken from the individual's mailbox) and obtains a bank loan in that individual's name. In this example, the account number of the bank loan is the other means of identification that has been obtained unlawfully.
>
> (II) A defendant obtains an individual's name and address from a source (e.g., from a driver's license in a stolen wallet) and applies for, obtains, and subsequently uses a credit card in that individual's name. In this example, the credit card is the other means of identification that has been obtained unlawfully.
>
> (iii)  Non-applicability  of  Subsection  (b)(11)(C)(i).--Examples  of conduct to which subsection (b)(11)(C)(i) does not apply are as follows:
>
> (I) A defendant uses a credit card from a stolen wallet only to make a purchase. In such a case, the defendant has not used the stolen credit card to obtain another means of identification.
>
> (II) A defendant forges another individual's signature to cash a stolen check. Forging another individual's signature is not producing another means of identification.

U.S.S.G. 2B1.1, comment. n.10(C).

In this case, the district court based the enhancement on Johnson's insertion of checking account numbers onto checks with Furman Daniels' name.  In essence, the

district court concluded that Johnson used Daniels' means of identification (his name) to create another means of identification – the fraudulent Furman Daniels checks.

Relying on *Mitchell*'s discussion of "non-unique identifiers," Johnson argues that the enhancement does not apply because the checks do not qualify as a "means of identification" under the Guidelines. Johnson contends that the Furman Daniels name is non-unique, because there is more than one person in the world named Furman Daniels, and that the checking account number does not identify the Furman Daniels involved in this case, given that the number was fake and did not belong to Daniels. Johnson thus contends that the checks did not amount to a means of identification *of a specific person*. Even if we were to agree with Johnson on that point, reversal would not be required, because the enhancement was nonetheless properly applied. *See United States v. Garnett*, 243 F.3d 824, 830 (4th Cir. 2001) ("[I]rrespective of one stated basis for imposition of the enhancement, we can affirm Garnett's sentence on the basis of any conduct in the record that independently and properly should result in an increase in the offense level by virtue of the enhancement." (internal quotation marks and alteration omitted)).

The government argues on appeal, as it did below, that Johnson's creation of the Furman Daniels identification card satisfies the requirements of the Guidelines. We agree. As noted above, Johnson used the name and correct birthdate of Furman Daniels to obtain the card. Names and birthdates explicitly qualify as "means of identification" under 18 U.S.C. § 1028(d)(7)(A), and the combination of a real person's name with that real person's actual birthdate is enough "to identify a specific individual," as required by

5

*Mitchell.* *Cf.* U.S.S.G. 2B1.1, comment. n.10(C)(ii)(II) (explaining that enhancement is appropriate if a defendant uses the name and address of a real person to obtain a credit card).

Johnson, however, argues that the record contains no evidence of how or when he created the card or that he used the name without permission. We disagree. Counsel for Johnson admitted at sentencing that Johnson used the name and birthdate of Furman Daniels to obtain the identification card. And while there is no direct evidence that Johnson used the name without consent, the presentence report indicates that Johnson admitted each of the transactions identified by the government and stated that he was the "only individual engaged in the scheme and no other individuals assisted with the fraud," J.A. 132, a statement that precludes any claim that Daniels consented to Johnson's use of his personal information.

We therefore conclude that Johnson created a "means of identification of another person" when he obtained the North Carolina identification card and that the enhancement was properly applied.[*] Accordingly, for the foregoing reasons, we hereby affirm Johnson's sentence.

---

[*] The district court also explained that even if the enhancement should not have been applied, it would have varied upward and imposed the same sentence based on its consideration of the sentencing factors identified in 18 U.S.C. § 3553(a). Because the 27-month sentence imposed by the court is reasonable, the district court's alternative analysis provides an additional basis for affirming. *See United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) ("[I]t would make no sense to set aside a reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." (internal quotation marks and alteration omitted)).

*AFFIRMED*